(No. 14813.—Judgment affirmed.)

THE INDEPENDENT PACKING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VICTORIA STRACZEK, Conservatrix, Defendant in Error.)

*Opinion filed December 19, 1922.*

WORKMEN'S COMPENSATION—*what does not waive objection that stenographic report was not filed in time.* A general appearance in the circuit court does not waive the objection that the stenographic report of the hearing before the Industrial Commission on the question of a recurrence of the disability was not filed within the period fixed by statute, and on such a state of the record the court should allow a motion to strike the stenographic report and quash the writ of *certiorari.* (*Morris & Co.* v. *Industrial Com. ante,* p. 447, followed.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

JOHN E. KEHOE, and SAMUEL FRIEDLANDER, for plaintiff in error.

CORINNE L. RICE, and A. H. RANES, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error's ward, Joseph Straczek, was injured on the second day of February, 1917. Petition for compensation was filed and an award made, which was paid by the

plaintiff in error. In March, 1918, a petition was filed for review of the award on the ground of recurrence, and on September 23, 1918, the Industrial Board rendered a decision awarding further compensation. The case was then taken before the circuit court on *certiorari* and was by that court remanded to the Industrial Board on October 10, 1919. Another hearing was had on December 24, 1920, by the Industrial Commission, which is successor to the Industrial Board, and the award was re-entered. Another writ of *certiorari* was sued out on January 14, 1921. Extensions of thirty days for filing a stenographic report were from time to time entered by the commission, and on April 5, 1921, a stenographic report was filed. On March 16, 1921, the record of the commission was filed in the circuit court. On February 21, 1921, defendant in error, as conservatrix, filed her general appearance in the circuit court of Cook county. That court on her motion struck the stenographic report from the record and quashed the writ of *certiorari,* affirming the award on the ground that the stenographic report had not been filed with the Industrial Commission within the statutory period of fifty days.

The only question presented by the assignment of errors in this case is whether or not the general entry of appearance in the circuit court waived the objection that the stenographic report had not been filed within the period of fifty days. This question was considered in *Morris & Co.* v. *Industrial Com. (ante,* p. 447,) where it was held that the defendant in error did not waive the right to make such motion by entering a general appearance. The decision in that case is controlling here.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*